**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM JACKSON,** | : | |
| **Petitioner,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 13-2782** |
| | : | |
| **DANIEL P. BURNS et al.,** | : | |
| **Defendants.** | : | |

## ORDER

This 22nd day of June, 2017, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1), the Government's Response (Dkt. 15), the Report and Recommendation of Magistrate Judge Strawbridge (Dkt. 30), Petitioner's Objections to the Report and Recommendation (Dkt. 34) and the Government's Response to Petitioner's Objections (Dkt. 39), it is hereby **ORDERED** that:

1. This case, which was originally assigned to Judge Gardner and was transferred to this Court on June 8, shall be taken out of Civil Suspense.

2. Magistrate Judge Strawbridge's thorough and reasoned Report and Recommendation is adopted and approved.

3. Petitioner's objections to the Report and Recommendation are overruled. These objections largely track the arguments in the original petition. However, for the first time Petitioner has submitted statements made to the police by Terrance Freeman and Reggie Johnson. The Report and Recommendation addressed petitioner's claim that his trial attorney was ineffective for failing to present these witnesses, but without the benefit of seeing these police statements. Putting aside the timeliness of petitioner's submission, the police statements of Freeman and Johnson do not undermine Magistrate Judge Strawbridge's rationale for recommending the denial of this claim.

Petitioner argues that Freeman's and Johnson's police statements corroborate his theory of self-defense.  Specifically, Petitioner notes that Freeman told police that he knew the victim, but not Petitioner, to carry a gun.  Petitioner fails to mention, however, that Johnson told police that the victim never carried a gun.  Moreover, contrary to petitioner's version of events, both Johnson and Freeman told police that the victim had no motive to harm Petitioner.  Assuming Johnson and Freeman provided testimony that was consistent with their police statements, the benefit to Petitioner would have been minimal at best.  I therefore cannot say that Petitioner's counsel was ineffective because he failed to call these witnesses to support Petitioner's claim that he acted in self-defense.

Petitioner also contends that Johnson's and Freeman's police statements undermine the testimony of Tahera Cooper, the wife of the victim.  Cooper testified that she overheard her husband making arrangements to meet Petitioner on the tenth floor of his apartment building.  Johnson, by contrast, told police that the victim and Petitioner planned to meet on the ninth floor of the building.  And Freeman claimed in his police statement that Cooper told him that it was her mother who overheard the victim agreeing to meet Petitioner.  While Johnson's and Freeman's accounts differ from Cooper's testimony, the discrepancies are minor and concern peripheral points.  Johnson's and Freeman's testimony would not have changed the outcome of the trial; in deciding not to call these witnesses, Petitioner's counsel therefore acted within the bounds of reasonable representation.


_____/s/ Gerald Austin McHugh
United States District Judge